# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5393 | **DATE** | 8/30/2010 |
| **CASE TITLE** | Household Finance Corp III vs. Lockhart et al. | | |

**DOCKET ENTRY TEXT**

The Court remands this action to the Circuit Court of Cook County, denies Plaintiff's motion to proceed in forma pauperis [4], and denies Plaintiff's motion for appointment of counsel [5]. The Clerk of Court is directed to remand this case to the Circuit Court of Cook County.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On August 26, 2010, pro se Defendant Eloise Lockhart filed a notice of removal from the Circuit Court of Cook County, Case Number 07-CH24236, which concerns the foreclosure of a mortgage. Lockhart also filed a motion to proceed in forma pauperis in lieu of paying the $350 filing fee and a motion for appointment of counsel. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court remands this action to the Circuit Court of Cook County, denies the motion to proceed in forma pauperis, and denies the motion for appointment of counsel.

### LEGAL STANDARDS

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Lockhart's financial status and review her allegations to determine whether they are frivolous or malicious, fail to state a claim on which relief may be granted, or if she is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal of in forma pauperis cases set forth in 28 U.S.C. § 1915(e)(2)(B)).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# ANALYSIS

Pursuant to 28 U.S.C. § 1441, a defendant may remove a state lawsuit to federal court if the case contains a basis for federal subject matter jurisdiction. *See Tifft v. Commonwealth Edison Co.,* 366 F.3d 513, 516 (7th Cir. 2004) ("Removal to a district court is appropriate when a cause of action 'arises under' federal law"). Under 28 U.S.C. § 1446(b), a defendant must "file for removal within 30 days of receiving the initial pleading setting forth the claim for relief (or receipt of the summons if the initial pleading is not required to be served)." *Price v. Wyeth Holdings Corp.,* 505 F.3d 624, 628 (7th Cir. 2007). The reason for the 30-day limitation is twofold: (1) "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system;" and (2) "to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." *Wilson v. Intercollegiate Conf. Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir. 1982).

The present state court lawsuit was filed on September 4, 2007, and although there is nothing in the record indicating the exact date that Lockhart received the initial pleading and/or summons, Lockhart's attorney appeared on her behalf at a status hearing on June 1, 2009 in the Circuit Court of Cook County. Moreover, Lockhart submits documents showing that the parties have filed dispositive motions and briefs in the 07 CH 24236 matter, although the outcome of these motions is unknown. Accordingly, it can be reasonably inferred that Lockhart received the summons and/or pleading sometime after September 4, 2007 and before 30 days ago. *See Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1015 (S.D.Ill. 2007) ("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (internal citations omitted). The Court therefore remands this matter to the Circuit Court of Cook County.